KARL KAUFMAN, Respondent, v. DAVID L. SCHWARTZ,
Appellant.

First Department, May 3, 1918.

**Usury — suit to obtain cancellation of chattel mortgage — payment
by borrower of money to broker for procuring loan from defend-
ant — when such payment does not constitute usury — Banking
Law.**

Where the plaintiff employed a broker to procure a loan of $200 and the
defendant advanced the same and took a chattel mortgage executed by
the plaintiff as security, the loan to be repaid in installments at six per
cent interest, the plaintiff is not entitled to have the mortgage canceled
because of usury where it appears that although he paid a sum of money
to his broker as commissions no part thereof was paid by the broker to
the defendant.

*It seems,* however, that if the plaintiff had shown that the broker was
employed by the defendant and the payment of a commission to him
was made a condition of the loan, or that the payment of a fee to his
attorney was required by the lender, there would have been a violation
of the Banking Law governing such loans.

Judgment for the plaintiff reversed and a new trial granted because the
court erroneously gave judgment under a section of the Banking Law
which was at the time repealed.

The former statute governing such loans applied to loans less than $200,
but the present law applies to loans of $200 or less and hence where the
defendant loaned $200 the statute then in force did not apply.

APPEAL by the defendant, David L. Schwartz, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of New York on the
29th day of June, 1917, upon the decision of the court after
a trial before the court without a jury.

*Morris Meyers* of counsel [*Morse S. Hirsch* with him on the
brief; *Morris & Samuel Meyers,* attorneys], for the appellant.

*Charles J. Katzenstein* of counsel [*Gates Hamburger,*
attorney], for the respondent.

PAGE, J.:

This action was brought to procure, because of usury,
the cancellation of a chattel mortgage for $200, securing

installment notes aggregating that sum and covering machines and trade implements. The facts of the case are that the defendant, desiring to borrow the sum of $200, in May, 1915, applied to one Kutyn, a broker, to procure a loan of $200. Kutyn applied to the defendant who inspected the property and agreed to advance the $200. A chattel mortgage was prepared and six notes were given to repay the same in monthly installments with interest at six per cent. The plaintiff testified that he paid Kutyn the sum of $34 as commission. In October, 1915, when there was still one installment note due, the plaintiff again applied to Kutyn to obtain for him a loan of $200 and Kutyn obtained the same from the defendant and new mortgages and notes were given and plaintiff paid Kutyn as he testified $40. Kutyn claimed that all that was paid to him in each transaction was $12. It was not shown that any of the money which was paid to Kutyn was by him paid to the defendant. The defendant gave Kutyn his check in each instance for the full sum of $200, which Kutyn delivered to the plaintiff and received from him the commission in cash. The learned trial justice found that under the General Business Law* there had been no usury shown, but he held that section 314 of the Banking Law applied and that the loan was usurious and that the debt was discharged and the security void.

The citation of the Banking Law evidently referred to that law as enacted by chapter 10 of the Laws of 1909 (Consol. Laws, chap. 2). The learned trial justice and the attorneys to this appeal have overlooked the fact that this chapter was repealed and the Banking Law revised by chapter 369 of the Laws of 1914 (Consol. Laws, chap. 2), which in turn was amended by chapter 588 of the Laws of 1915. The latter became a law May 11, 1915. There was no section 314 of the Banking Law at the time of this transaction. In the Banking Law in force at the time, sections 368 and 369 covered the same subject as section 314 of the former law, but instead of applying to loans of less than $200 the present law applies to loans of $200 or less. The loan in this case did not come within section 314 of the Banking

---

* See Consol. Laws, chap 20 (Laws of 1909, chap. 25), § 370 *et seq.*— [REP.

Law of 1909, for contrary to the finding of the trial justice the loan in this case was the sum of $200. In our opinion the evidence in this case did not show that Kutyn, the broker, was the agent of the defendant but that he was employed by the plaintiff. Neither was it proved that the defendant received any part of his commission, nor does it clearly appear that the attorney who drew the papers was the attorney selected by the defendant, and that he required the plaintiff to pay him. The action was tried solely on the theory that the loan was usurious under the general usury law, and the learned justice properly decided it was not. Article 9 of the Banking Law provides for the establishment of personal loan companies and brokers, who are authorized to make certain specific charges for loans of $200 or less upon the security of goods or things in action, and it is the purpose of that statute to prohibit, under any guise or device, the exaction of a greater interest than six per centum per annum on any such loans, except by such duly authorized companies or brokers. The difficulty with this case is that the attorneys did not have in mind the Banking Law upon the trial of the case and the trial justice erroneously applied in his decision a section of the Banking Law that had been repealed. If it were clearly shown that the broker was employed by the defendant, and payment of a commission to him was made a condition of the loan, or that the payment of a fee to his attorney was required by the lender, we are of opinion the statute would have been violated. (*London Realty Co.* v. *Riordan,* 207 N. Y. 264.)

The judgment and findings of fact and conclusions of law are, therefore, reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and SHEARN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.